UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT A. COATES,

        Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of
Social Security Administration,

        Defendant.

CASE NO. **C07-5669FDB**

REPORT AND RECOMMENDATION

Noted for October 24, 2008

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further consideration.

INTRODUCTION

Plaintiff, Scott Coates, was born in 1960. Plaintiff completed high school, and he has past experience working as a laborer and plastics cutter (a plexiglass cutter). Plaintiff was injured twice in 1993 while on the job. First, he suffered an electrical shock, injuring his left arm and hand. The second injury occurred five weeks later when a sheet of plexiglass struck Plaintiff on the top of the head injuring his neck and shoulder.

In 1994 Plaintiff had surgery on his back (cervical spine nerve impingement). In 2001, Plaintiff had surgery on his right wrist/forearm to repair damage when he fell and fractured the bone. Plaintiff has

REPORT AND RECOMMENDATION
Page - 1

not worked since at least April 22, 1994, and is seeking social security benefits.

Mr. Coates filed two previous applications for social security benefits on November 13, 1996 and March 19, 2003, which were denied. Plaintiff filed his most recent application for Supplemental Security Income (SSI) disability benefits on November 4, 2003, alleging that he has been disabled under the Social Security Act since April 22, 1994. This application was denied initially and on reconsideration (Tr. 38-39, 45-48). Mr. Coates filed a hearing request and a hearing was held before Administrative Law Judge ("ALJ") on October 25, 2006 (Tr. 427-58). On January 4, 2007, the ALJ issued a decision, again denying Mr. Coates' application (Tr. 12-25).

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920. At step-one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability (April 22, 1994) (Tr. 17). At step-two, the ALJ found Plaintiff had the following severe impairments: status post C5-6 laminotomy; status post displaced comminuted fracture distal radius right forearm with open reduction and internal fixation; and adjustment disorder and pain disorder associated with psychological factors (Tr. 17). At step three, the ALJ found Plaintiff's impairment did not meet or equal the requirements of a listed impairment (Tr. 17). The ALJ further determined Plaintiff retained the residual functional capacity (RFC) to perform light work with no overhead lifting (Tr. 18). In addition, the ALJ found that Plaintiff would be able to occasionally balance, crawl, stoop, crouch, kneel, and climb (Tr. 18). The ALJ also found Plaintiff could also perform simple work with occasional interaction with the public (Tr. 18). At step four, the ALJ found Plaintiff could not perform his past relevant work (Tr. 24). At step five, the ALJ relied on administrative guidelines (the GRID) and found that, given Plaintiff's RFC, he would be able to perform a range of unskilled work existing in the national economy (Tr. 24).

Mr. Coates requested review by the administration's Appeals Council which, on October 1, 2007, denied his request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (Tr. 5-8). On November 30, 2007, Plaintiff filed a Complaint with the Court challenging the denial of his most recent application for benefits. Specifically, plaintiff contends: (1) the ALJ erred in failing to properly consider all of Plaintiff's severe impairments (step-two); (2) the ALJ failed to give appropriate weight to the opinion of Plaintiff's treating and examining physicians; (3) the ALJ failed to properly

consider Plaintiff's testimony regarding his symptoms and limitations; (4) the ALJ failed to properly consider lay witness evidence; (5) the ALJ improperly determined Plaintiff's RFC; (6) the ALJ improperly relied on the Medical-Vocational Guidelines; and (7) the Commissioner failed to meet the burden of showing that the Plaintiff can perform any work in the national economy. Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions were properly supported by substantial evidence.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

*A.     THE ALJ ERRED WHEN DETERMINING MR. COATES' "SEVERE" IMPAIRMENTS*

The claimant bears the burden of proof at steps one through four. Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of

REPORT AND RECOMMENDATION
Page - 3

1  impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no
2  more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841
3  F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

As noted above, at step-two, the ALJ concluded Plaintiff had the following severe impairments: status post C5-6 laminotomy; status post displaced comminuted fracture distal radius right forearm with open reduction and internal fixation; and adjustment disorder and pain disorder associated with psychological factors (Tr. 17). Plaintiff argues the ALJ erred when Plaintiff's lumbar spine impairments were not considered severe. After reviewing the evidence the undersigned finds the Plaintiff presented sufficient evidence for the ALJ to conclude that his lumbar spine impairments caused more than a slight abnormality.

The medical records from Crown Hill Medical Center support Plaintiff's allegations of back pain and limitations associated with his lumbar spine area. On April 25, 2005, Dr. Memon wrote, "He suffers from Cervical and Lumbar radiculopathy and disk disease, which is under control with medications. He has been advised to limit his physical activity according to his pain level and should not carry more than 20 lbs on a regular basis and avoid repeated overhead lifting" (Tr. 369). The ALJ did not address Dr. Memon's opinion that Mr. Coates should limit his physical activity according to his pain level. Moreover, the ALJ failed to acknowledged Dr. Memon's finding that Mr. Coates had tenderness and decreased range of motion in his lumbar spine (Tr. 365-66, 369).

The evidence presented by Plaintiff satisfies the "de minimis" step-two standard. The medical evidence clearly supports finding a "severe" impairment at step-two. Plaintiff's tenderness, decreased range of motion, and use of medication, and pain associated with his lumbar spine, singly and/or in combination with other impairments, would cause more than a minimal effect on his ability to work. In sum, the ALJ erred when she did not consider these impairments as being "severe" at step two in the five step evaluation process.

## CONCLUSION

Based on the foregoing discussion, the Court should REMAND the matter to the administration for further consideration. The error at step-two significantly affected subsequent findings by the ALJ, including, but not limited to, the ALJ's assessment of Plaintiff's credibility, the ALJ's consideration of

the lay evidence, Plaintiff's RFC, the ALJ's reliance on the Medical-Vocational Guidelines at step-five, and the validity of the hypothetical posed to the vocational expert at the administrative hearing. The administration should be provided the opportunity to correct the step-two error and reconsider each of the five steps in the disability evaluation process.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 24, 2008**, as noted in the caption.

DATED this 2nd day of October, 2008.

          */s/ J. Kelley Arnold*
          J. Kelley Arnold
          U.S. Magistrate Judge